UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Heard,           ) | |
| )       | Case: 1:16-cv-00944 |
| Petitioner,           ) | Assigned To : Unassigned |
| )       | Assign. Date : 5/19/2016 |
| v.            ) | Description: Pro Se Gen. Civ. |
| )       | |
| United States Attorney General,  ) | |
| )       | |
| Respondent.           ) | |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted a Mandamus action and an application to proceed *in forma pauperis*. The Court will grant petitioner's application to proceed *in forma pauperis* and will dismiss the case. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

Petitioner sets out an assortment of disjointed statements and then asks "this court . . . to cause the United States Attorney General to ensue and perfect arrest warrants for [all] {everybody} (non lacking) whom are involved from the beginning to the end." Pet. at 2 (alterations in original). He has provided no basis for any relief, let alone the extraordinary



remedy of mandamus. Hence, this case will be dismissed with prejudice. A separate order of dismissal accompanies this Memorandum Opinion.

Date: May 18, 2016

/s/ _____
United States District Judge